Laurent R.G. Badoux (AZ SBN: 020753)
lbadoux@buchalter.com
BUCHALTER,
A Professional Corporation
16435 N. Scottsdale Road, Suite 440
Scottsdale, AZ 85254-1754
Telephone: 480.383.1800
Facsimile: 480.824.9400

Tracy A. Warren (Cal. SBN: 228013) *(admitted pro hac vice)*
twarren@buchalter.com
Jessica S. Doidge (Cal. SBN: 311084) *(admitted pro hac vice)*
jdoidge@buchalter.com
BUCHALTER,
A Professional Corporation
655 W. Broadway, Suite 1600
San Diego, CA  92101
Telephone: 619.219.5335

*Attorneys for Defendants Hyatt Hotels Corporation, XHR Phoenix Palms, LLC, and Xenia Hotels and Resorts, Inc.*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Peter Strojnik, an individual,<br><br>           Plaintiff, *pro se*,<br>v.<br><br>Hyatt Hotels Corporation dba Hyatt Hotels & Resorts; XHR Phoenix Palms, LLC dba Royal Palms Resort and Spa, the Unbound Collection by Hyatt; Xenia Hotels and Resorts, Inc.,<br><br>           Defendants. | Case No. CV-21-00741-PHX-DWL<br><br>**DEFENDANTS' MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE SAME**<br><br>**ORAL ARGUMENT REQUESTED** |

**HERE NOW COME** Defendants Hyatt Corporation ("Hyatt"), erroneously sued as Hyatt Hotels Corporation dba Hyatt Hotels & Resorts, XHR Phoenix Palms, LLC dba Royal Palms Resort and Spa, the Unbound Collection by Hyatt ("Phoenix Palms"), and Xenia Hotels and Resorts, Inc. ("Xenia") (together, "Defendants") will move to have Plaintiff Peter Strojnik ("Strojnik") declared a vexatious litigant as to all complaints brought by

Strojnik. This Motion is made on the grounds that Strojnik has a demonstrated history of vexatious litigation, including filing numerous frivolous complaints, of which the present lawsuit is yet another example.

This Motion rests upon the following Memorandum of Points and Authorities, Request for Judicial Notice, declarations, and all pleadings on file. Defendants request oral argument for this Motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

The Court should declare Plaintiff Peter Strojnik ("Strojnik") a vexatious litigant as to *every complaint* he may file in this District, or which might be removed to this District on grounds of original or diversity jurisdiction. Strojnik's "extortionate practice[s]" are not novel to this Court. See *Strojnik v. Driftwood Hospitality Management LLC* ("*Driftwood*"), 2021 WL 50456 at *8 (D. Ariz. Jan. 6, 2021) ["There is no doubt that Strojnik's history and *modus operandi* are well known. *See MidFirst,* 279 F.Supp.3d at 893 (describing attorney-Strojnik's ADA litigation tactics as "extortionate" and "pervasive," which included pursuing "upwards of 160 cookie-cutter lawsuits in federal court and, from early to later 2016, more than 1,700 such suits in Arizona state court"); *Strojnik v. Bakersfield Convention Hotel I, LLC*, 436 F. Supp. 3d 1332, 1336 (E.D. Cal. 2020) ("Plaintiff Peter Strojnik ... has filed thousands of disability discrimination cases against hotel defendants in state and federal courts, and this is one of those cases."); *Strojnik v. 1530 Main LP*, 2020 WL 981031, at *1 (N.D. Tex. Feb. 28, 2020) (noting that Strojnik, a pro se plaintiff, was disbarred partly for filing "thousands" of ADA lawsuits); *Strojnik v. Host Hotels & Resorts, Inc.*, 2020 WL 2736975, at *1 (D. Haw. May 26, 2020) (same)."]

In this regard, On January 6, 2021, the court in *Driftwood* declared Strojnik a vexatious litigant as it *related to ADA related causes of action* ("*Driftwood* Order").

*Driftwood, supra,* 2021 WL 50456 at *11. In an attempt to escape the limits of the *Driftwood* Order, Strojnik drafts his Complaint to omit a federal ADA cause of action.

However, his Complaint alleges a violation of the state statute equivalent to the federal ADA, namely the Arizonans with Disabilities Act ("AzDA") (A.R.S. §41-1401 *et seq.*), which incorporates parts of the ADA. (See Complaint ¶17.) As set forth in more detail in Defendant's Motion to Dismiss filed concurrently herewith, Strojnik's Complaint is no less frivolous and vexatious in nature than those primarily predicated on the ADA (most of which still featured additional state causes of action given the limitation on damages contained in the ADA).

Defendants move to have Strojnik deemed a vexatious litigant as to any and all complaints brought by him, as to the extent these complaints pertain to Plaintiff's access to premises, irrespective of the underlying statute invoked, as all such complaints are the product of Plaintiff's "extortionate" and "ethically suspect" litigation tactics. As further discussed below in support of this Motion, Plaintiff has a demonstrated history of filing vexatious litigation; the present lawsuit being yet another example.

This Motion is based on the below memorandum, Defendant's accompanying Request for Judicial Notice, all other pleadings and papers filed, and any argument that may be presented to the Court at the hearing on this Motion.

## II. RELEVANT FACTS

In September 2016, the Arizona Attorney General's Office intervened to consolidate 1,289 lawsuits Strojnik filed in Arizona on behalf of Advocates for American Disabled Individuals ("AID") and related organizations, and moved for the dismissal of all such actions together. (See Request for Judicial Notice ("RJN"), Exhs. 1-4.) The consolidated cases, which usually alleged violations of the ADA and AzDA, were subsequently dismissed for lack of standing on April 24, 2017. (RJN, Exh. 1.) Besides this sweeping dismissal, Arizona courts sanctioned and/or rebuked Strojnik for his vexatious conduct,

finding that:

- Strojnik filed "cookie-cutter lawsuits" "right down to the same typographical errors." *Advocates for Individuals With Disabilities LLC v. MidFirst Bank*, 279 F. Supp. 3d 891, 893 (D. Ariz. 2017).

- Strojnik's "extortionate practice has become pervasive" and he engaged in "unethical extortion of unreasonable attorney's fees[.]" *Id*. at 893, 898.

- Strojnik "misrepresented [plaintiffs'] intent to litigate [their] federal claim" and misle[d] and manipulate[d] opposing counsel[.]" *AIDF v. Golden Rule Properties*, CV-16-02412, 2017 WL 2417046, at *2 (D. Ariz. Mar. 20, 2017) (imposing sanctions).

- Strojnik "attempt[ed] to increase the costs of litigation to maximize Defendants' desire to settle the suit due to the cost of defense," and engaged in "bad faith conduct." *AIDF v. Golden Rule Properties LLC*, No. CV-16-02413, 2016 WL 5939468, at *1, *6 (D. Ariz. Oct. 13, 2016) (imposing sanctions).

The Arizona State Bar commenced an investigation into Strojnik and suspended his license in July 2018, finding that Strojnik had filed disingenuous lawsuits, sometimes including blatantly false allegations. (See RJN, Exhs. 2-4.) The State Bar further found that "Strojnik [was] partaking in a scheme that will cause imminent and substantial harm to the public and administration of justice." (RJN Ex. 3.) After completing its investigation, the State Bar disbarred Strojnik on May 10, 2019, concluding that:

> *Beginning in 2016, Strojnik filed thousands of lawsuits against small businesses alleging minor violations of the Americans with Disabilities Act (ADA) and the Arizonans with Disabilities Act (AzDA) in state and federal courts. Typically, he demanded approximately $5,000 in attorney's fees regardless if the business remedied the purported violations. In all cases Strojnik alleged vague violations.*

> *Strojnik's "extortionate" and "ethically suspect" misconduct led the Arizona Attorney General's Office ("AG") to intervene in the suits. The Court granted intervention, consolidated the cases, and eventually dismissed most of them for lack of standing. The AG's office moved to intervene in one federal case to have Strojnik declared a vexatious litigant.*
>
> *The State Bar alleged that Strojnik engaged in conduct that caused immediate and substantial harm to clients, the public, and the administration of justice, making illusory claims for attorney fees and monetary damages. One District Court said his tactics were extortionate. (Exh. 4.)*

Strojnik's disbarment, however, did not deter him, and he returned to filing the same kinds of lawsuits he had filed before, but now *in propria persona*. This Court recognized that Strojnik has continued his abusive litigation tactics, and declared him a vexatious litigant ordering as follows, in pertinent part,: (1) if Strojnik attempts to file any new action alleging violations of the ADA in the US District Court for the District of Arizona he must include a "Motion for Leave to File" and a copy of the court's Order; (2) if Strojnik does not include a "Motion for Leave to File" and a copy of this Order with any new action he submits, the Court will not consider the filing, and the action will be summarily dismissed for failure to comply; (3) if the Court cannot determine from the "Motion for Leave to File" that Strojnik's claims demonstrate standing or meet federal pleading requirements, the Court will read no further, the "Motion for Leave to File" will be denied, and the case will be dismissed for failure to comply; and (4) if a case filed by Strojnik in state court and containing claims alleging violations of the Americans with Disabilities Act is removed to the United States District Court for the District of Arizona after the date, the Court will automatically screen the complaint to determine whether it demonstrates standing and meets federal pleading requirements; (5) Strojnik is required to post a bond for any complaints filed that include alleged violations of the Americans with Disabilities Act; (6) if at any point the court determines that Strojnik fails to demonstrate standing or otherwise meet federal pleading requirements, the Court will dismiss the case and initiate sanctions

proceedings by ordering Strojnik to show cause why sanctions should not be imposed under Federal Rule of Civil Procedure 11(b)(1).  (*Ibid*.)

Since the *Driftwood* Order, Strojnik has filed 18 ADA cases in Arizona state court, two of which have been removed to this Court.  (RJN, Exhs. 5-6.)  Strojnik also filed two complaints, including in this case, against Defendant Hyatt specifically, alleging denial of full and equal access under AzDA, fraud, conspiracy, and civil aiding and abetting.  (*Ibid*.) Additionally, most recently, in *Strojnik v. Village 1107 Coronado, Inc.*, 2021 WL 1383161 (S.D. Cal. Apr. 13, 2021), the court found Strojnik in contempt of court for failing to pay attorney's fees awarded to defendant.

## III.  LEGAL STANDARD

The Ninth Circuit has recognized the "inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *De Long v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir. 1990); see also *Molski v. Evergreen Dynasty Corp*., 500 F.3d 1047 (9th Cir. 2007). More specifically, "[t]he All Writs Act, 28 U.S.C. § 1651(a), provides district courts with the inherent power to enter pre-filing orders against vexatious litigants." *Id.* at 1057 (citing *Weissman v. Quail Lodge Inc*., 179 F.3d 1194, 1197 (9th Cir. 1999). "Flagrant abuses of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *Molski*, *supra*, 500 F.3d at 1057 (quoting *De Long*, 912 F.2d at 1148).

Courts examine four (4) factors before entering a pre-filing order: (1) the litigant must be given notice and an opportunity to be heard before the order is entered; (2) the Court must compile "an adequate record for review"; (3) the Court must make substantive findings about the frivolous or harassing nature of the plaintiff's litigation; and (4) the vexatious litigant order must be narrowly tailored to closely fit the specific vice encountered. Id. (citing *De Long*, 912 F.2d at 1147-48).

To help apply the third and fourth factors, courts in the Ninth Circuit look to the Second Circuit's *Safir* factors, which require the court to consider: (1) the litigation, and whether it included vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, and whether the litigant has an objective good faith expectation of prevailing; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and the parties. *Id*. at 1058 (citing *Safir v. United States Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986)).

## IV. ALL REQUIREMENTS FOR DECLARING STROJNIK A VEXATIOUS LITIGANT AS TO ALL COMPLAINTS BROUGHT BY HIM ARE MET.

Defendants seek an order declaring Strojnik a vexatious litigant and requiring him to post a bond for any complaint brought by him. Further, if the Court determines that Strojnik fails to demonstrate standing or otherwise meet federal pleading requirements, the Court should dismiss the case and initiate sanctions proceedings by ordering Strojnik to show cause why sanctions should not be imposed under Federal Rule of Civil Procedure 11(b)(1).

### A. This Motion Provides Strojnik Notice and Opportunity to Be Heard.

Strojnik will receive notice that he may be declared a vexatious litigant and have a pre-filing order entered against him when this Motion is served on him. Strojnik will have the opportunity to be heard and to oppose the Motion, both in writing and at the hearing. See Fed. R. Civ. P. 7(b).

### B. This Court Has an Ample Record to Declare Strojnik A Vexatious Litigant.

"An adequate record for review should include a listing of all cases and motions that led the district court to conclude that a vexatious litigant order was needed." *De Long*, 912

F.2d at 1147. "At least, the record needs to show, in some manner, that the litigant's activities were numerous or abusive." *Id.* (collecting cases).

The vexatious nature of Strojnik's litigation tactics is clearly demonstrated by the public record in this case, in the many cases cited herein, as well as records regarding the disciplinary action taken by the Arizona Attorney General's Office and Arizona State Bar against Strojnik for his serial filings of thousands of frivolous lawsuits, most if not all of which included AzDA claims. See *Driftwood*, supra, 2021 WL 50456 at *7-9.

Also In disbarring Strojnik, the Arizona State Bar found he had engaged in "'extortionate' and 'ethically suspect' misconduct" that "caused immediate and substantial harm to clients, the public, and the administration of justice." (See RJN, Exh. 3 at p. 10.) Moreover, the Northern[1] and Central[2] Districts of California have followed suit and declared Strojnik a vexatious litigant. Because Strojnik's litigation history is abusive, needlessly costly, frivolous and harassing, this Court has ample record from which to issue the requested pre-filing order against Strojnik to curb his vexatious litigation.

**C.     Strojnik's Current Filing in the Context of His Litigation History Demonstrates His Complaint is Frivolous and Harassing.**

Strojnik is a professional litigant with a lengthy, demonstrated history of filing boilerplate complaints. Strojnik's complaints assert facts that are disingenuous and sometimes blatantly false, and fails, as noted many times as a consistent deficiency, to identify the specific ways in which he was impacted by the alleged deficiencies. This lawsuit, like many before it, is a frivolous attempt to harass and unfairly coerce a settlement. As Arizona courts faced with similar suits found:

- Strojnik filed "cookie-cutter lawsuits" "right down to the same typographical

---

[1] *Strojnik v. IA Lodging Napa First LLC*, No. 19-cv-03983-DMR, 2020 WL 2838814, at *13 (N.D. Cal. June 1, 2020).
[2] *Strojnik v. SCG Am. Constr., Inc.*, No. 19-1560 JVS (JDE), 2020 WL 4258814, at *1 (C.D. Cal. Apr. 19, 2020).

errors." *MidFirst Bank*, 279 F. Supp. 3d at 893.

- Strojnik's "extortionate practice has become pervasive" and he engaged in "unethical extortion of unreasonable attorney's fees[.]" *Id*. at 893, 898.
- Strojnik "misrepresented [plaintiffs'] intent to litigate [their] federal claim" and misle[d] and manipulate[d] opposing counsel[.]" *Golden Rule Properties*, 2017 WL 2417046, at *2 (imposing sanctions).
- Strojnik "attempt[ed] to increase the costs of litigation to maximize Defendants' desire to settle the suit due to the cost of defense," and engaged in "bad faith conduct." *Golden Rule Properties*, 2016 WL 5939468, at *1, *6 (imposing sanctions).

Strojnik has brought hundreds of copycat suits in multiple federal and state jurisdictions, including his home state of Arizona where he began his extortionate practices. This action, like many before it, is both harassing and frivolous.

### 1. *Strojnik's Complaint is Harassing.*

While raising multiple claims is not necessarily unethical or vexatious, a high volume of lawsuits "is a factor indicative of intent to harass." *Molski v. Mandarin Touch Restaurant*, 347 F. Supp. 2d 860, 864 (C.D. Cal. 2004), aff'd in part, dismissed in part; *Molski*, 500 F.3d 1047. A high settlement rate, coupled with a high volume of cases filed, can "show[] a pattern of extortion." *Molski*, 500 F.3d at 1054. Filing boilerplate complaints also indicates a harassing intent. *Id*. at 1051 (citing *In re Powell*, 851 F.2d 427, 431 (D.C. Cir. 1988).

Strojnik's harassing intent is readily apparent from his history of frivolous litigation. Left with unfettered access to the court system in Arizona, Strojnik filed thousands of frivolous lawsuits, ultimately requiring the Arizona Attorney General's Office and State Bar to intervene and impose disciplinary action, including disbarment. The Attorney General's Office noted that Strojnik had filed 1,500 complaints over a seven-month period,

and would probably file thousands more in the coming months. (See RJN Exh. 3.) This scheme, according to the Attorney General's Office, greatly "threaten[ed] the State's interests." (RJN Exh. 2.) Similarly, the Arizona State Bar found that Strojnik's 1,700 "copy paste" complaints were "very similar, alleging vague and non-specific violations" to quickly extort settlements in large volume. (See RJN, Exh. 3.) After completing its initial investigation, the State Bar found that Strojnik had filed disingenuous lawsuits, sometimes including blatantly false allegations, and that "Strojnik [was] partaking in a scheme that will cause imminent and substantial harm to the public and administration of justice." (RJN, Exh. 4.)

Strojnik's recent conduct is no different. Strojnik's *modus operandi* is to file substantially similar boilerplate complaints with the same or similar conclusory and disingenuous allegations. In declaring Strojnik a vexatious litigant, the Central District of California found:

> Countless courts have questioned Strojnik's motives in pursuing the litigation and whether he has a good faith basis for his claims. This is based on the fact that he files near identical lawsuits, save a few photographs and name changes, in what is apparently an effort to pressure ADA defendants into settlements before courts can reach the merits.

*Strojnik v. SCG Am. Constr., Inc.*, No. 19-1560 JVS (JDE), 2020 WL 4258814, at *7 (C.D. Cal. Apr. 19, 2020).

Despite numerous courts reprimanding him, Strojnik continues to file his frivolous lawsuits and his intentions in doing so are beyond any doubt. (See RJN, Exh. 5 [Court order finding Strojnik in contempt of court for failure to obey court order requiring Strojnik to pay Defendant's attorney's fees].)

As the Court in *Strojnik v. IA Lodging Napa First LLC* noted, Plaintiff "has settled the majority of his cases early in litigation, either before the defendant has appeared or soon thereafter." *Strojnik v. IA Lodging Napa First LLC*, No. 19-cv-03983-DMR, 2020 WL

2838814, at *18-20 (N.D. Cal. June 1, 2020). "This pattern of early settlements may indicate an intent to extract quick case settlements." *Ibid*. Strojnik's sole intent in suing is to extract cash settlements, as indicated by most of his cases being voluntarily dismissed within a few months of filing. The Ninth Circuit has found that such extortionate tactics support a vexatious litigant finding. *Molski*, 500 F.3d at 1052 (relying on Molski's intent "to extract cash settlements from defendants," noting that "Molski had tried on the merits only one of his approximately 400 suits and had settled all the others").

Courts, including those opining on Plaintiff's filing practices, have recognized that a plaintiff's real motivation is often extracting a cash settlement, and the circumstances here are no different. Strojnik has a history of "making illusory claims for attorney fees and monetary damages," and it is clear that such extortionate tactics will continue absent this Court's further intervention. (See RJN, Exh. 4.) The Complaint filed here demonstrates the same motive and intent as in Strojnik's numerous prior cases. It is clear from Strojnik's litigation history that such frivolous litigation will only continue absent further intervention by this Court, and that the instant lawsuit unequivocally constitutes a continuation of his improper litigation practices.

### 2. *Strojnik's Complaint is Frivolous.*

District Courts look at "both the number and content of the filings as indicia" of the frivolousness of the litigant's claims. *De Long*, 912 F.2d at 1148 (quoting *Powell*, 851 F.2d 427, 431 (D.C. Cir. 1988)). In *Molski v. Evergreen Dynasty*, the court explained that "frivolous litigation is not limited to cases in which a legal claim is entirely without merit. It is also frivolous for a claimant who has some measure of a legitimate claim to make false factual assertions." *Id.*, 500 F.3d at 1060-61 (9th Cir. 2007). The Ninth Circuit affirmed vexatious litigant relief even while "acknowledg[ing] that Molski's numerous suits were probably meritorious in part—many of the establishments he sued were likely not in compliance with the ADA." *Id.* at 1062. Thus, even if some of Strojnik's targets were

actually in violation of accessibility laws, it does not immunize his conduct from judicial scrutiny.

Strojnik's instant complaint is as frivolous as the numerous complaints upon which this Court predicated its *Driftwood* Order. Strojnik attempts to evade the *Driftwood* Order by intentionally omitting any reference to the ADA. (Dkt. No. 1, Exh. A.)

Instead, Strojnik alleges that Defendants "conspired" to defraud the public by "promoting and marketing Royal Palms by Hyatt as a Hyatt hotel" to "mislead the lodging public and Plaintff into believing that they are booking a hotel room at a Hyatt property with excellent reputation [for complying with accessibility laws] when they are in fact booking a hotel room with Xenia and XHR, both of whom have highly negative reputations." (Dkt. No. 1, Exh. A, ¶¶31-32.)

Strojnik also alleges that Defendants violated the AzDA by denying him full and equal access as a result of accessibility barriers. (Dkt. No. 1, Exh. A, 8:10-9:3.) As more fully detailed in Defendants' Motion to Dismiss, Strojnik's lawsuit fails to state a claim and fails to plead standing as to each claim for relief. (Dkt. No. 1, Exh. A.) Many courts have recently dismissed Strojnik's complaints, filed after the *Driftwood* Order, on the same grounds as those detailed in Defendants' Motion to Dismiss. See *Strojnik v. Capitol Regency, LLC*, 19-cv-01587-MCE-KJN (S.D. Cal. June 4, 2021) [complaint dismissed for failure to state a claim]; *Strojnik v. Forest Villas Inn II LLC*, 3:20-cv-08328-DWL (D. Ariz. May 26, 2021) [same]; *Strojnik v. LADA Sedona LP*, 3:20-cv-08262-DWL (D. Ariz. May 21, 2021) [same]; *Strojnik v. Ashford Scottsdale LP*, 2:20-cv-02352-DWL (D. Ariz. May 19, 2021) [same]; *Strojnik v. Woodside Hotel Group, Ltd.*, 5:20-cv-03204-BLF (N.D. Cal. April 2, 2021) [same].

Because so many courts have chastised Strojnik for these issues and others, and have explicitly informed him of the faults in his pleadings regarding standing and failure to state a claim, Strojnik cannot claim that he is aware of the deficiencies of his lawsuits. Yet, he

BUCHALTER
A PROFESSIONAL CORPORATION
SCOTTSDALE

BN 45769766v4

continues to waste this and other courts' time with his frivolous and improperly motivated complaints. If past conduct is any guide, more will follow.

### D. The Requested Vexatious Litigant Order is Narrowly Tailored.

Vexatious litigant orders must be narrowly tailored "to prevent infringement on the litigator's right to access the courts." *De Long*, 912 F.2d at 1148. Such orders are considered appropriately tailored where the litigant's ability to sue is restricted. *See Molski*, 500 F.3d at 1061 (pre-filing order narrowly tailored where litigant who had been vexatiously filing ADA claims was prevented from filing ADA actions in the Central District without preapproval).

This Court has already narrowly tailored a vexatious litigant order against Strojnik. Here, the requested order seeks to broaden the current order to all of Strojnik's complaints. Based on his history after this Court's vexatious litigant order, it is clear further restrictions on Strojnik are necessary. Without expanded restrictions, Strojnik will continue to pursue his extortionate practices by filing frivolous complaints bluntly worded to attempt to circumvent the Court's Driftwood Order. Strojnik should not be able to continue the very behavior this Court intended to curtail.

## V. CONCLUSION

Defendant respectfully requests that this Court issue an order expanding this Court's current order against Strojnik to all complaints Strojnik may file pertaining in any way to public facility access.

DATED: June 10, 2021

         **BUCHALTER,**
         **A PROFESSIONAL CORPORATION**


        By: */s/ Laurent R.G. Badoux*
         Laurent R.G. Badoux
         *Attorneys for Defendants Hyatt Hotels*
         *Corporation, XHR Phoenix Palms, LLC, and*
         *Xenia Hotels and Resorts, Inc.*


I hereby certify that I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants, and mailed a copy of same to the following if non-registrants, this 10th day of June, 2021, to:

Peter Strojnik, *pro se*
7847 N. Central Avenue
Phoenix, Arizona 85020
*Plaintiff*


By: */s/ Lori Harpel*